**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| KNIGHT FIRST AMENDMENT INSTITUTE AT COLUMBIA UNIVERSITY, 535 West 116th Street 314 Low Library New York, NY 10027<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF HOMELAND SECURITY, 245 Murray Lane, SW Washington, DC 20528<br><br>and<br><br>UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT, 500 12th Street, SW Washington, DC 20536<br><br>Defendants. | Civil Action No. _____ |

**COMPLAINT FOR INJUNCTIVE RELIEF**

Plaintiff Knight First Amendment Institute at Columbia University (the "Knight Institute"), by and through its attorneys, hereby complains against Defendants United States Department of Homeland Security ("DHS") and United States Immigration and Customs Enforcement ("ICE"), as follows:

**INTRODUCTION**

1. This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, for injunctive and other appropriate relief requiring Defendants to grant expedited review of the FOIA Request (the "Request") submitted by the Knight Institute to each Defendant on March 15, 2017.

2. The Request seeks disclosure of records concerning suspicionless searches of individuals' electronic devices at the nation's borders.

3. Directives issued in 2009 purport to authorize officers of U.S. Customs and Border Protection ("CBP") and ICE to search travelers' electronic devices—including cell phones, tablets, and laptop computers—at the U.S. border without individualized suspicion, and to detain those devices indefinitely. Under the directives, CBP and ICE officers have seized and searched the electronic devices of thousands of individuals, including U.S. citizens, without individualized suspicion. The number of searches of electronic devices at the border has risen sharply since 2015, with a marked increase in the first quarter of 2017.

4. Among the individuals whose electronic devices have been seized and searched are several journalists whose communications with confidential sources were subject to government review. For example, CBP officers reportedly detained and interrogated French–American photojournalist Kim Badawi while searching the contents of his cell phone, including his private photos and his WhatsApp messages with a Syrian refugee source.

5. Additionally, news reports indicate that border officials appear to be targeting Muslims, including U.S. citizens who are Muslim, for searches of their electronic devices at the border.

6. The indiscriminate search of Americans' electronic devices at the border raises serious constitutional questions under both the First and Fourth Amendment. People today store their most intimate information on their electronic devices, reflecting their thoughts, explorations, activities, and associations. Subjecting that information to unfettered government scrutiny invades the core of individual privacy and threatens free inquiry and expression. *See Riley v. California*, 134 S. Ct. 2473, 2489 (2014) (noting that a cellphone may contain "the sum of an individual's private life" and holding that police cannot search a cellphone in a search incident to arrest without first obtaining a warrant based on probable cause).

7. The Request seeks information necessary for the public to fully understand the government's policies and practices relating to searches of electronic devices at the border. Specifically, it seeks statistical, policy, and assessment records regarding the government's searches. Moreover, the Request seeks expedited processing, given the urgency of the ongoing public debate.

8. Defendants have failed to respond to the Knight Institute's request for expedited consideration of the Request within the ten days required by FOIA, 5 U.S.C. § 552(a)(6)(E)(ii)(I), and have failed to respond to the Knight Institute's request for records and information. Injunctive relief is appropriate to ensure Defendants' timely compliance with FOIA's requirements.

**JURISDICTION AND VENUE**

9. This Court has jurisdiction over this action pursuant to 5 U.S.C. §552(a)(4)(B) and 28 U.S.C. § 1331.

10. Venue is proper in this District under 5 U.S.C. § 552(a)(4)(B).

**PARTIES**

11. The Knight First Amendment Institute is a New York not-for-profit corporation based at Columbia University that works to preserve and expand the freedoms of speech and the press through strategic litigation, research, and public education. Research and public education are essential to the Knight Institute's mission. Obtaining information about government activity, analyzing that information, and publishing and disseminating it to the press and public are among the core activities the Knight Institute was established to conduct. The Knight Institute is a "person" within the meaning 5 U.S.C. § 551(2).

12. DHS is an "agency" within the meaning of 5 U.S.C. § 552(f). DHS has possession and control over the requested records.

13. ICE is a component of DHS and has possession and control over the requested records.

**FACTUAL ALLEGATIONS**

14. On March 15, 2017, the Knight Institute submitted identical versions of the Request to DHS and two of its components, CBP and ICE.

15. The Request seeks the following records:[1] 1) records from Defendants' TECS database containing information about the number and reasons for each search, detention, retention, or sharing of individuals' electronic devices or the information accessible on them since fiscal year 2012; 2) documents relating to each instance since fiscal year 2012 in which CBP or ICE searched, detained, retained, or shared an electronic device or the information accessible on it; 3) revisions of or documents supplementing or superseding the CBP and ICE Directives concerning border searches of electronic devices; 4) certain documents relating to any reviews of

---

[1] A copy of the Request is attached hereto as Exhibit A.

CBP's or ICE's policies or practices concerning electronic device searches; 5) documents concerning or relating to complaints filed by individuals or organizations about CBP's or ICE's search, review, retention, or sharing of the information on travelers' electronic devices; 6) documents reflecting policies, practices, or procedures concerning how CBP officers handle "privileged or other sensitive materials," including "work-related information carried by journalists" as described in the CBP Directive concerning border searches of electronic devices; and 7) documents reflecting policies, practices, and procedures concerning CBP's anti-discrimination policy as applied to discretionary electronic device searches.

16. The Knight Institute requested expedited processing of the Request on the ground that there is a "compelling need" for the documents because they contain information "urgent[ly]" needed by the Knight Institute, an organization "primarily engaged in disseminating information," in order to "inform the public concerning actual or alleged Federal Government Activity." 5 U.S.C. § 552(a)(6)(E)(v)(II).

17. Since the beginning of the year, reports of suspicionless searches of electronic devices at U.S. borders and international airports have abounded, with a significant increase under the new administration. Certain of those reports detail instances in which CBP officers exerted pressure or outright force to obtain electronic devices and passcodes.

18. The public has been denied the information necessary to fully understand the government's searches of electronic devices at the border. These records are urgently needed to inform the ongoing debate over the wisdom and lawfulness of those searches.

## AGENCY RESPONSES AND ADMINISTRATIVE APPEALS

19. By email dated March 16, 2017, DHS acknowledged receipt of the Request. DHS did not communicate any decision regarding the Knight Institute's request for expedited processing.

20. ICE has neither acknowledged receipt of the Request nor communicated any decision regarding the Knight Institute's request for expedited processing.

21. By email dated March 24, 2017, CBP acknowledged receipt of the Request. CBP did not communicate any decision regarding the Knight Institute's request for expedited processing.[2]

22. No records responsive to the Request have been released by DHS, CBP, or ICE.

23. The Knight Institute has exhausted all administrative remedies with respect to its request for expedited processing because DHS and ICE have failed to comply with the time limit for responding to expedited FOIA requests.

## CAUSES OF ACTION

24. The Knight Institute repeats and incorporates herein by reference the allegations of Paragraphs 1 through 23.

25. Defendants' failure to respond to the Knight Institute's request for expedited processing violates FOIA, 5 U.S.C. § 552(a)(6)(E), and Defendants' corresponding regulations.

---

[2] Although identical versions of the Request were submitted to DHS, CBP and ICE on March 15, 2017, the Request submitted to CBP may not have been received by the responsible FOIA Officer. Out of an abundance of caution, the Knight Institute resubmitted the Request to CBP on March 21, 2017, receipt of which the CBP acknowledged by email dated March 27, 2017. CBP did not communicate any decision regarding the Knight Institute's request for expedited processing.

26.    Defendants' failure to process the Request, and to make responsive records available, "as soon as practicable" violates FOIA, 5 U.S.C. § 552(a)(6)(E)(iii), and Defendants' corresponding regulations.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Knight First Amendment Institute at Columbia University respectfully requests that judgment be entered against Defendants United States Department of Homeland Security and United States Immigrations and Customs Enforcement, and that this Court:

A. Order Defendants to grant expedited processing of the Request;

B. Order Defendants immediately to release to the Knight Institute the records sought in the Request;

C. Award the Knight Institute its reasonable costs and reasonable attorneys' fees incurred in this action; and

D. Grant such other and further relief as the Court may deem just and proper.


Dated: March 27, 2017                                              Respectfully submitted,



                                                                   By:   /s/ _____

                                                                   Matthew S. Hellman (484132)
                                                                   Scott B. Wilkens (admission pending)
                                                                   Michael E. Stewart (*pro hac vice*
                                                                        application forthcoming)
                                                                   JENNER & BLOCK LLP
                                                                   1099 New York Avenue, NW
                                                                   Suite 900
                                                                   Washington, DC 20001
                                                                   Telephone: (202) 639-6000
                                                                   Facsimile: (202) 639-6066

8

Susan J. Kohlmann (*pro hac vice* application forthcoming)
Joshua H. Rubin (D00359)
Caroline M. DeCell (*pro hac vice* application forthcoming)
JENNER & BLOCK LLP
919 Third Avenue
New York, NY 10022
Telephone: (212) 891-1600
Facsimile: (212) 090-0894

Jameel Jaffer (MI0067)
Katherine Fallow (*pro hac vice* application forthcoming)
Alex Abdo (*pro hac vice* application forthcoming)
KNIGHT FIRST AMENDMENT INSTITUTE AT COLUMBIA UNIVERSITY
314 Low Library
535 West 116th Street
New York, NY 10027
Telephone: (212) 854-9600

*Attorneys for Plaintiff*