**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| **KNIGHT FIRST AMENDMENT INSTITUTE AT COLUMBIA UNIVERSITY,** | ) ) ) | |
| **Plaintiff,** | ) ) | |
| **v.** | ) ) | **No. 1:17-cv-00548-TSC** |
| **DEPARTMENT OF HOMELAND SECURITY,** *et al.,* | ) ) ) | |
| **Defendants.** | ) ) ) | |

## <u>JOINT STATUS REPORT</u>

**A.     Introduction**

Plaintiff Knight First Amendment Institute at Columbia University has submitted a multi-item request under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, to defendants Department of Homeland Security (DHS), U.S. Immigration and Customs Enforcement (ICE), and U.S. Customs and Border Protection (CBP) for records concerning searches of individuals' electronic devices at the nation's borders.  ECF No. 10-1 at 1.  Plaintiff seeks an order in this action requiring defendants to grant expedited review to their request and to produce records responsive to the request.  ECF No. 10 ¶¶ 1-2.

Defendants filed their answer to the complaint on May 3, 2017.  The parties began shortly after the filing of the answer to discuss how to proceed in this case.  By minute order dated May 16, 2017, the Court directed the parties to file a joint status report addressing certain matters.  This document constitutes the parties' report.  Each of the items in plaintiff's request is discussed below.  The parties propose, as stated below, to file another joint status report on or before August 15, 2017.

**B.**     **Item 1**

1.  Item 1 of plaintiff's request seeks: "Any document containing statistical information concerning the search, detention, retention, or sharing of electronic devices or information of individuals at the border (or functional equivalent of the border) since FY2012 including, but not limited to, documents reflecting [seven enumerated categories]."  ECF No. 10-1 at 4-5.

2.  Plaintiff intends Item 1 to cover records dating from October 1, 2011.

3.  ICE has searched for and located records responsive to Item 1.  ICE intends to produce those records on June 16, 2017.

4.  A search has been commenced within the DHS Office of General Counsel and the DHS Office of Policy for records responsive to Item 1.  DHS anticipates that the search will be completed on or about June 7, 2017.

5.  All DHS headquarters records responsive to plaintiff's request will need to be entered into automated document review (ADR) software to weed out duplicates and nonresponsive records before any of those records can be processed for release.  The entry of the records into the ADR software cannot begin until all searches in DHS headquarters components have been completed.

6.  A CBP media release responsive to Item 1, *CBP Releases Statistics on Electronic Device Searches* (Apr. 11, 2017), was produced to plaintiff on May 26, 2017.  CBP has identified other records responsive to Item 1 and expects to be able to produce those records on or before June 23, 2017.  CBP has initiated a search for still other records responsive to Item 1 and expects to complete that search on or about July 15, 2017.  CBP will be able to estimate after it completes the search how quickly any documents located through the search can be produced.

C.    **Item 2**

1.  Item 2 of plaintiff's request seeks:

Documents relating to each instance since FY2012 in which CBP or ICE
searched, detained, retained, or shared an electronic device or the information
accessible on it, including, but not limited to: (a) a list of the TECS data field
categories used to record and track each electronic device search conducted by
CBP or ICE; and (b) all information contained in the TECS system used to record
and track electronic device searches, detentions, retentions, and/or sharings.

ECF No. 10-1 at 5 (footnote omitted).

2.  Plaintiff intends Item 2 to cover records dating from October 1, 2011.

3.  Plaintiff has asked that records responsive to Item 2(b) be produced in native form or

in an electronic form that makes them easily searchable.  Defendants are considering this request.

4.  A search within CBP has uncovered no "list of the TECS data field categories used to

record and track . . . electronic device search[es]."

5.  Certain of the TECS data field categories are considered by CBP to be law

enforcement sensitive.

6.  A record is created in TECS each time CBP conducts a border search of an electronic

device.  CBP announced in its media release dated April 11, 2017, that it had processed 8,383

international arrivals with electronic device searches during the period October 1, 2015-March

31, 2016, and another 14,993 international arrivals with electronic device searches during the

period October 1, 2016-March 31, 2017.  Release at 2-3.  Tens of thousands of CBP records in

TECS thus are likely to be responsive to Item 2(b) for the period since October 1, 2011.

Processing those records will take a substantial amount of time.

7.  Defendants therefore proposed to plaintiffs, and plaintiff agreed, that CBP would

process the records in TECS on a few searches of electronic devices and that the processed

records would be produced to plaintiff so that plaintiff could see what the processed records were

likely to look like, thereby permitting the parties to discuss how much of the universe would be reasonable for CBP to process.  Six such records were produced to plaintiffs on May 26, 2017. The parties have conducted preliminary discussions about the six records and have agreed to conduct further discussions about the processing of similar records.

8.  Until June 2016, ICE uploaded records pertaining to ICE investigations into TECS. Reports of ICE investigations are now uploaded into Investigative Case Management (ICM), a system to which the ICE data in TECS has been migrated.

9.  ICE does not have a mechanism to track border searches of electronic devices.  ICE is attempting to identify databases other than ICM that may contain records responsive to Item 2(b).  ICE is also developing a set of search terms that can be used to search ICM for records concerning searches of individuals' electronic devices conducted at the nation's borders.  The development of the search terms will require the involvement of multiple units within ICE.  ICE hopes nonetheless to finish developing its set of proposed search terms by June 30, 2017.  The set of proposed search terms that ICE develops will be provided to plaintiff so that agreement on those terms can be reached before the actual search is conducted.

10.  Plaintiff has suggested that the same sampling procedure be followed for ICE records responsive to Item 2(b) that has been followed for CBP records responsive to Item 2(b). Defendants are considering the suggestion.

**D.     Item 3**

1.  Item 3 of plaintiff's request seeks: "Revisions of or documents supplementing or superseding: (a) CBP Directive No. 3340-049, *Border Search of Electronic Devices Containing Information* (Aug. 20, 2009); or (b) ICE Directive No. 7-6.1, *Border Searches of Electronic Devices* (Aug. 18, 2009)."  ECF No. 10-1 at 6.

4

2. CBP advises that its directive has not been revised, replaced or superseded.

3. ICE advises that it does not have a superseding directive.

4. A search nonetheless has been commenced within the DHS Office of General Counsel, the DHS Office of Policy, and the DHS Office for Civil Rights and Civil Liberties (DHS CRCL) for records responsive to Item 3.  DHS anticipates that the search will be completed on or about June 7, 2017.

**E.      Item 4**

1. Item 4 of plaintiff's request seeks:

The following documents relating to any review of CBP's or ICE's polices or practices concerning electronic device searches: (a) any audits, impact assessments, or other reviews of CBP's or ICE's policies or practices concerning electronic device searches, including any such reports by the Office for Civil Rights and Civil Liberties, DHS's OIG, and CBP's Office of Internal Affairs, Management Inspection Division; (b) any policies, practices, procedures, and/or training materials adopted as a result of any audits, impact assessments, or other reviews of how CBP and ICE conduct electronic device searches; and (c) any documents reflecting annual or semi-annual examinations by CBP or ICE of electronic device searches by port of entry, as adopted in response to the 2011 Impact Assessment.

ECF No. 10-1 at 6.

2. ICE has located records responsive to Item 4.  Some of those records will require consultation with other government agencies.  ICE anticipates producing records that do not require consultation with other agencies on or before June 16, 2017.

3. The time required for an agency to consult with another agency depends on the agency consulted and whether that agency is a party to the litigation in which the consultation takes place.

4.  A search has been commenced within the DHS Office of General Counsel, the DHS Office of Policy, and DHS CRCL for records responsive to Item 4.  DHS anticipates that the search will be completed on or about June 7, 2017.

5.  CBP has identified certain records responsive to Item 4 and expects to be able to produce those records on or before June 23, 2017.  CBP has initiated a search for other records responsive to Item 4 and expects to complete that search on or about July 15, 2017.  CBP will be able to estimate after it completes the search how quickly any documents located through the search can be produced.

**F.      Item 5**

1.  Item 5 of plaintiff's request seeks: "Documents, including tear sheets and TRIP records, containing or relating to complaints filed by individuals or organizations about CBP's and/or ICE's search, review, retention or sharing of the information on travelers' electronic devices."  ECF No. 10-1 at 6.

2.  Plaintiff intends Item 5 to cover judicial complaints as well as complaints filed directly with DHS, ICE, or CBP.

3.  Plaintiff also intends Item 5 to cover records prepared in response to complaints as well as the complaints themselves.

4.  Though not a defendant, the Transportation Security Administration (TSA) has received an estimated 400 complaints responsive to Item 5.  TSA has not yet determined when the complaints and any records prepared in response to the complaints can be produced.

5.  A search has been commenced within the DHS CRCL Security, Intelligence, and Information Policy and Compliance Sections for records responsive to Item 5.  DHS CRCL anticipates that the search will be completed on or about June 7, 2017.  DHS CRCL has

identified approximately 237 complaints potentially responsive to Item 5 to date.  The total amount of DHS CRCL material responsive to Item 5 will depend on the number of responsive records that are duplicates of other responsive records.

6.  CBP is currently reviewing its records to determine whether records responsive to Item 5 can reasonably be identified and segregated from nonresponsive records but has not yet provided a date for the completion of that effort.

7.  ICE intends to conduct a search for judicial complaints responsive to Item 5 but has not yet provided a date for the commencement of the search or an estimated date for its completion.

**G.      Item 6**

1.  Item 6 of plaintiff's request seeks: "Documents reflecting policies, practices, or procedures concerning how CBP officers handle 'privileged or other sensitive material,' including 'work-related information carried by journalists,' as referenced in § 5.2 of the CBP Directive."  ECF No. 10-1 at 6.

2.  Plaintiff intends Item 6 to include memoranda, training materials, and similar records.

3.  CBP has conducted a search for non-privileged records responsive to Item 6 and has located one such record.  It anticipates producing that record on or about June 16, 2017.  It intends to conduct a search for any additional records responsive to Item 6  but has not yet provided a date for the commencement of the search or an estimated date for its completion.

**H.      Item 7**

1.  Item 7 of plaintiff's request seeks: "Documents reflecting policies, practices, and procedures concerning CBPs anti-discrimination policy as applied to discretionary device searches."  ECF No. 10-1 at 6.

2.  Plaintiff intends Item 7 to include memoranda, training materials, and similar records.

3.  CBP has conducted a search for records responsive to Item 7.  It has identified its generally-applicable non-discrimination policy and is evaluating other records to determine if they are responsive to Item 7.  It expects to complete that evaluation by June 23, 2017, but may postpone the production of records responsive to Item 7 until all such records have been identified.

4.  The generally-applicable non-discrimination policy and CBP's standards of conduct were produced to plaintiff on May 7, 2017.  Plaintiff has asked CBP whether predecessors to the generally-applicable non-discrimination policy exist.  CBP is considering that request.

## I.    The Parties' Proposal

The parties will continue their discussions in this case to try to resolve as many issues as possible.  They therefore propose to file another joint status report not later than August 15, 2017.

Unresolved issues will be resolved in this case by motion for summary judgment or other appropriate motion but it is too early to say what motion or motions will be necessary or when they will be filed.  Defendants do not intend at this time to move for an *Open America* stay.  The parties will discuss whether a *Vaughn* index will be required if and when defendants move for summary judgment.

Respectfully submitted,

By:  *s/ Scott B. Wilkens* (by email authorization)
Scott B. Wilkens, DC Bar 489631
Matthew S. Hellman, DC Bar 484132
Michael E. Stewart, *Pro Hac Vice*
JENNER & BLOCK LLP
1099 New York Avenue, N.W., Suite 900
Washington, D.C.  20001
Tel: (202) 639-6072/Fax (202)639-6066
Email: swilkens@jenner.com

Susan J. Kohlmann, *Pro Hac Vice*
Caroline M. DeCell, *Pro Hac Vice*
JENNER & BLOCK LLP
919 Third Avenue
New York, New York 10022
Tel: (212) 891-1600/Fax (212) 891-1699

Jameel Jaffer, D.D.C. Bar MI0067
Katherine Fallow, *Pro Hac Vice*
Alex Abdo, *Pro Hac Vice*
KNIGHT FIRST AMENDMENT INSTITUTE AT
COLUMBIA UNIVERSITY
314 Low Library
535 West 116th Street
New York, New York  10027
Tel: (212) 854-9600
Attorneys for Plaintiff

CHAD A. READLER
Acting Assistant Attorney General

CHANNING D. PHILIPS
United States Attorney

ELIZABETH J. SHAPIRO
Deputy Director

s/ *David M. Glass*
DAVID M. GLASS, DC Bar 544549
Senior Trial Counsel
Department of Justice, Civil Division
20 Massachusetts Ave., N.W., Room 7200
Washington, D.C.  20529
Tel: (202) 514-4469/Fax: (202) 616-8470
E-mail: david.glass@usdoj.gov

Dated: June 6, 2017                          Attorneys for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that on June 6, 2017, I served the within document and proposed order on all counsel of record by filing it with the Court by means of its ECF system.

s/ *David M. Glass*

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **KNIGHT FIRST AMENDMENT INSTITUTE AT COLUMBIA UNIVERSITY,** ) ) ) ) | |
| **Plaintiff,** ) ) | |
| **v.** ) ) | **No. 1:17-cv-00548-TSC** |
| **DEPARTMENT OF HOMELAND SECURITY,** *et al.,* ) ) ) ) | |
| **Defendants.** ) ) | |

## [PROPOSED] ORDER

It is hereby ordered in view of the joint status report dated June 6, 2017, that the parties shall file another joint status report not later than August 15, 2017, updating the Court on the status of plaintiff's request under the Freedom of Information Act, 5 U.S.C. § 552, and on the efforts of defendants to comply with that request and setting forth a proposed schedule for further proceedings in this action.

Dated: _____        _____

UNITED STATES DISTRICT JUDGE