UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| KNIGHT FIRST AMENDMENT INSTITUTE AT COLUMBIA UNIVERSITY, <br><br> Plaintiff, <br><br> v. <br><br> DEPARTMENT OF HOMELAND SECURITY, *et al.*, <br><br> Defendants. | No. 1:17-cv-00548-TSC |

## FIFTH JOINT STATUS REPORT

**A.   RECENT EVENTS**

The following events have taken place in this case since the filing on November 30, 2017, of the parties' fourth joint status report:

1. The parties reached agreement on December 7, 2017, on the search to be conducted by defendant U.S. Immigrations and Customs Enforcement (ICE) under Item 2(b) of the request of plaintiff Knight First Amendment Institute at Columbia University under the Freedom of Information Act.

2. ICE advised plaintiff by email dated December 21, 2017, that approximately 1,800 pages were responsive to Item 2(b) of the request; that it anticipated producing the first batch of those pages on or about January 22, 2018; and that it hoped to complete the production of those records by the end of April 2018.

3. Defendant Department of Homeland Security (DHS) proposed to plaintiff by email dated December 21, 2017, that it use a certain search string to conduct a search within date

parameters to be agreed upon by the parties of the email accounts of certain DHS personnel.  The search string that DHS proposed to use in conducting the search consisted of the following:

> ("search*" or "review*" or "request*" or "collect*" or "seiz*" or "retention" or "retain*" or "duplic*" or "copy") and ("device*" or "laptop*" or "mobile" or "cellular phone" or "cell phone" or "cellphone" or "cell-phone" or "I phone" or "i-phone" or "tablet" or "i-pad" or "iPad" or "I pad" or "jump drive" or "thumb drive" or "smartphone" or "smart phone" or "hard drive" or "external drive" or "sd-card" or "Sd card").

The personnel whose email accounts DHS proposed to search consisted of the following:

> a.  *Office of General Counsel*.  Acting General Counsel; Chief of Staff; Associate General Counsel for Litigation; Associate General Counsel of the Operations and Enforcement Law Division (OELD); three Attorney Advisors from OELD.
>
> b.  *Office for Civil Rights and Civil Liberties (CRCL)*.  Section Chief, Security Intelligence and Information Policy; Senior Advisor, Security Intelligence and Information Policy; Director of Programs; Senior Advisor; Director of Compliance; Deputy Director of Compliance.
>
> c.  *Privacy Office*.  Acting Chief Privacy Officer; Senior Director of Privacy Policy.
>
> d.  *Office of Policy*.  Assistant Secretary of Policy; Deputy Assistant Secretary of Policy; Chief of Staff; Screening Coordination Office (all employees); Office of Immigration and Border Security (all employees).

DHS asked in the email whether plaintiff would consider DHS to have complied in full with all portions of plaintiff's request other than Item 5 if it conducted this search and produced all non-exempt portions of any responsive records that it identified.

4.  Plaintiff proposed by email dated January 16, 2018, that DHS search the email accounts of the following personnel as well as the personnel listed in the email of DHS dated December 21, 2017:

> a.  *CRCL.*  Section Chief, Anti-Discrimination Group.
>
> b.  *Office of Inspector General.*  Inspector General; Deputy Inspector General; Inspector General's Chief of Staff.

Plaintiff also proposed in its email that DHS use the following search string to conduct its searches of all of the email accounts:

> ("search*" or "review*" or "request*" or "collect*" or "seiz*" or "retention" or "retain*" or "duplic*" or "copy" or "detention" or "detain" or "examin*") and ("device*" or "laptop*" or "mobile" or "cellular phone" or "cell phone" or "cellphone" or "cell-phone" or "I phone" or "i-phone" or "tablet" or "i-pad" or "iPad" or "I pad" or "jump drive" or "thumb drive" or "smartphone" or "phone" or "hard drive" or "external drive" or "sd-card" or "Sd card" or "USB" or "camera").

Plaintiff indicated in its email that it would consider DHS to have complied in full with all portions of its request other than Item 5 if it conducted this search and produced all non-exempt portions of any responsive records that it identified but did not indicate the time-parameters for which it proposed that DHS conduct the search.

5. Defendant U.S. Customs and Border Protection (CBP) produced 170 pages of records to plaintiff on December 22, 2017. Certain of these records were responsive to Item 4 of the request and certain of them were responsive to Item 5 of the request.

6. CBP recounted the following with respect to Item 2(b) of the request in an email to plaintiff dated January 11, 2018:

    a. Plaintiff proposed by email dated October 11, 2017, that CBP process 3% of the incident-level reports dealing with border searches of electronic devices created during the past 18 months, including their narrative sections, and that it also process all such reports created during the past 18 months containing certain specified search terms.

    b. CBP proposed in response by email dated November 27, 2017, that it process 1% of the incident-level reports dealing with border searches of electronic devices created during the period April 1, 2016-September 30, 2017, including their narrative sections, and advised plaintiff that it could not conduct the word searches that plaintiff had proposed because the

3

system containing the incident-level reports did not have a search function that permitted general word searches to be conducted; and

        c. Plaintiff characterized the proposal that CBP process 1% of the incident-level reports as "inadequate" in the joint status report dated November 30, 2017.

"Splitting the difference between 1% and 3%," CBP proposed in its email dated January 11, 2018, that it process 2% of the incident-level reports dealing with border searches of electronic devices created during the period July 1-December 31, 2017, including their narrative sections, and that it produce all non-exempt portions of the reports it processed. CBP asked in the email whether plaintiff would consider it to have complied in full with Item 2(b) of the request if it did these things.

    7. Plaintiff stated in an email dated January 16, 2018, that it "accept[ed] CBP's proposal to process only 2% of the incident-level reports dealing with border searches of electronic devices created during the past 18 months, including their narrative sections," but was "concerned about the accuracy of CBP's claim that it cannot conduct word searches of its electronic records" and "maintain[ed] its request that CBP also process all such reports created during the past 18 months containing certain specified search terms."

**B.**    **THE PARTIES' VIEWS ON THE PROCESS GOING FORWARD**

    **1. PLAINTIFF'S VIEW**

Plaintiff requests a status conference before the Court to address the following issues: (1) plaintiff's concern, as expressed in prior joint status reports, that DHS is willing to review at most 500 pages of potentially responsive records per month; (2) plaintiff's concern with CBP's proposals regarding the scope of its obligations under Item 2(b) of the request; and (3) plaintiffs' concern that DHS and its components (other than ICE) are proceeding without any production

deadlines, such that how quickly they review and produce responsive records is entirely a matter of their discretion. To the extent the parties cannot reach a resolution of the outstanding issues in a timely manner following a status conference (or otherwise), plaintiff reserves the right to seek summary judgment and/or move to compel production. A proposed order is attached.

### 2. DEFENDANTS' VIEW

Defendants recommend in light of the recent events described above that that the parties continue their efforts to resolve all outstanding issues and that they file another joint status report on or before March 2, 2018, and at subsequent intervals of 45 days. A proposed order is attached.

Respectfully submitted,

By: *s/ Scott B. Wilkens* (by email authorization)
Scott B. Wilkens, DC Bar 489631
Matthew S. Hellman, DC Bar 484132
Michael E. Stewart, *Pro Hac Vice*
JENNER & BLOCK LLP
1099 New York Avenue, N.W., Suite 900
Washington, D.C. 20001
Tel: (202) 639-6072/Fax (202)639-6066
Email: swilkens@jenner.com

Susan J. Kohlmann, *Pro Hac Vice*
JENNER & BLOCK LLP
919 Third Avenue
New York, New York 10022
Tel: (212) 891-1600/Fax (212) 891-1699

<table>
<tr><td></td><td>Jameel Jaffer, D.D.C. Bar MI0067<br>Katherine Fallow, *Pro Hac Vice*<br>Alex Abdo, *Pro Hac Vice*<br>Caroline M. DeCell, *Pro Hac Vice*<br>KNIGHT FIRST AMENDMENT INSTITUTE AT<br>COLUMBIA UNIVERSITY<br>314 Low Library<br>535 West 116th Street<br>New York, New York  10027<br>Tel: (212) 854-9600<br>Attorneys for Plaintiff<br><br><br>CHAD A. READLER<br>Acting Assistant Attorney General<br><br>JESSIE K. LIU<br>United States Attorney<br><br>ELIZABETH J. SHAPIRO<br>Deputy Director<br><br>s/ *David M. Glass*<br>DAVID M. GLASS, DC Bar 544549<br>Senior Trial Counsel<br>Department of Justice, Civil Division<br>20 Massachusetts Ave., N.W., Room 7200<br>Washington, D.C.  20529<br>Tel: (202) 514-4469/Fax: (202) 616-8470<br>E-mail: david.glass@usdoj.gov</td></tr>
<tr><td>Dated: January 16, 2018</td><td>Attorneys for Defendants</td></tr>
</table>

**CERTIFICATE OF SERVICE**

I hereby certify that on January 16, 2018, I served the within report on all counsel of record by filing it with the Court by means of its ECF system.

s/ *David M. Glass*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| **KNIGHT FIRST AMENDMENT INSTITUTE AT COLUMBIA UNIVERSITY,** )<br>)<br>)<br>**Plaintiff,** )<br>)<br>**v.** )<br>)<br>**DEPARTMENT OF HOMELAND SECURITY,** *et al.,* )<br>)<br>**Defendants.** )<br>) | No. 1:17-cv-00548-TSC |

### **[PLAINTIFFS' PROPOSED] ORDER**

It is hereby ordered in view of the joint status reports dated November 30, 2017 and today that a status conference is set for January 23, at 11:30 a.m. In addition to the U.S. Attorney defending the action, counsel from the agency shall also appear at the status conference.

Dated: _____         _____
                                                                    UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| KNIGHT FIRST AMENDMENT INSTITUTE AT COLUMBIA UNIVERSITY, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 1:17-cv-00548-TSC |
| DEPARTMENT OF HOMELAND SECURITY, *et al.*, | ) ) ) ) | |
| Defendants. | ) ) | |

**[DEFENDANTS' PROPOSED] ORDER**

It is hereby ordered as follows in view of the minute order dated August 17, 2017, and the joint status report dated January 16, 2018:

1. The parties shall file another joint status report on or before March 2, 2018, advising the Court of the progress made, if any, toward resolving the unresolved issues in this case.

2. The parties shall file additional joint status reports at subsequent intervals of 45 days.

Dated: _____          _____
                                UNITED STATES DISTRICT JUDGE