UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| KNIGHT FIRST AMENDMENT INSTITUTE AT COLUMBIA UNIVERSITY, | ) ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) ) | No. 1:17-cv-00548-TSC |
| DEPARTMENT OF HOMELAND SECURITY, *et al.*, | ) ) ) ) | |
| Defendants. | ) ) | |

**NINTH JOINT STATUS REPORT**

**A.     RECENT EVENTS**

The following events have taken place in this case since the filing on August 2, 2018, of the Eighth Joint Status Report, ECF No. 31:

1. The Court directed defendant Department of Homeland Security (DHS) at a status conference on August 22, 2018, to complete by October 1, 2018, its search for records responsive to Items 1, 4, 6, and 7 of the request and to advise plaintiff Knight First Amendment Institute at Columbia University by October 1 of the number of pages responsive to those items. The Court also extended through October 8, 2018, the deadline for the parties' next joint status report.[1]

2. Plaintiff asked defendants U.S. Immigrations and Customs Enforcement (ICE) and U.S. Customs and Border Protection (CBP) by email dated August 22, 2018, to confirm that they

---

[1] This report is being filed on October 9, 2018, because October 8 was a federal holiday. *See* Fed. R. Civ. P. 6(a)(1)(C).

had searched for and produced documents responsive to FOIA request items other than Item 2(b) and to advise plaintiffs "when that [would] happen" if it had not yet happened.

     3.  ICE and CBP referred plaintiff by email dated August 30, 2018, to the representations they had made in in the joint status report dated August 14, 2017, ECF No. 23 at 4-5.  ICE said that it viewed itself in view of those representations as having no further obligation with respect to any item of the request other than Item 2(b) except to provide such justifications as plaintiffs might request for the withholdings it had made from records responsive to those items.  Updating what it had said in the joint status report, CBP said that the "one record responsive to Item 1," the "three records responsive to Item 4," the "one record responsive to Items 4 and 7," and the "47 records responsive to Item 5" had been processed and all non-exempt portions released; that an estimated 45 records responsive to Item 4(a) and an estimated 188 records potentially responsive to Item 5 awaited processing; that these records included records from among the "103 additional records" potentially responsive to Item 4 discussed in the above joint status report; and that the number of records ultimately found to be responsive to Item 5 might change somewhat as the records were evaluated further.

     4.  CBP produced 304 pages to plaintiff on August 31, 2018, with redactions pursuant to FOIA Exemptions 6, 7(C), and/or 7(E).  These pages were part of CBP's "2% sample of the incident-level reports dealing with border searches of electronic devices created during the past 18 months, including their narrative sections," *see* ECF No. 26 at 4.

     CBP produced a spreadsheet to plaintiff on August 31 in accordance with the proposal it had made on June 26, 2018, *see* ECF No. 30 at 6.  The spreadsheet consisted of 1,424 pages of information from non-exempt data fields contained in incident-level reports relating to border

searches of electronic devices conducted by CBP from the beginning of Fiscal Year 2012 through December 31, 2017.  The spreadsheet was produced in both Excel and pdf formats.

5.  Plaintiff asked CBP by email dated September 4, 2018, to "provide a processing/production schedule for the estimated 45 records responsive to Item 4(a) and the estimated 188 records potentially responsive to Item 5 that have not yet been processed/produced."

6.  ICE produced its *Vaughn* index to plaintiff by email dated September 20, 2018.  *See* ECF No. 30 at 2.  Accompanying the index was an unredacted version of a page from which material previously had been withheld.

7.  CBP advised plaintiff by email dated September 20, 2018, that it was focused on the processing of records responsive to Item 2(b) of the request and did not have a separate track to process simultaneously the remaining records responsive to Items 4(a) and 5 but estimated that it could finish processing all of the remaining records responsive to Items 2(b), 4(a), and 5 by the end of March 2019.

8.  DHS took the following actions on September 28, 2018, with respect to the 566 pages responsive to Items 1, 4, 6, or 7 that it had processed in September 2018: released 14 pages in full; released 283 pages with redactions pursuant to FOIA Exemption 5; released 9 pages with redactions pursuant FOIA Exemptions 5 and 6; withheld 5 pages as duplicates; withheld 106 pages as non-responsive; and referred 139 pages to CBP and 10 pages to ICE for review and release.

9.  CBP produced 284 pages to plaintiff on September 28, 2018, with redactions pursuant to FOIA Exemptions 6, 7(C), and/or 7(E).  These pages were part of CBP's "2% sample of the

incident-level reports dealing with border searches of electronic devices created during the past 18 months, including their narrative sections."

10.  DHS advised plaintiff by email dated October 1, 2018, that it had completed its search for records responsive to Items 1, 4, 6, and 7 and estimated that approximately 2,000 pages responsive to those items remained to be processed.

11.  By email dated October 2, 2018, plaintiff requested that the defendants agree to a production schedule for the remaining documents that CBP and DHS have to process.  Adopting the same processing rates ordered by the Court in *Muslim Advocates v. DHS*, No. 1:17-cv-00813-TSC (D.D.C.), ECF No. 36, plaintiff asked DHS to process the outstanding records responsive to Items 1, 4, 5, 6, and 7 of the request at the rate of 775 pages per month; asked CBP to continue to process the outstanding incident-level reports responsive to Item 2(b) of the request at the rate of 275 pages per month; asked CBP to process the outstanding records responsive to Items 4(a) and 5 of the request at the rate of 500 pages per month; and asked DHS and CBP to indicate when they would complete their processing of outstanding records if they were to process the records at these rates.

12.  CBP advised plaintiff by email dated October 5, 2018, that it anticipated the completion of its production of incident-level reports in October 2018 and estimated the completion of its production of all other responsive records by the end of March 2019.  DHS advised plaintiff by the same email that its Office of Privacy (PRIV) had but four employees currently dedicated to processing records for matters in litigation; that two of the four employees were moving to other positions within DHS and were expected to be gone from PRIV in mid-October; that the third employee could not engage in record-processing on a full-time basis because he had additional responsibilities as the FOIA Officer for the DHS Office for Civil

Rights and Civil Liberties; that PRIV was thus in the process of trying to fill three vacancies; and that PRIV lacked the staffing resources under these circumstances to review more than 350 pages per month in this case at this time.

**B.     THE PARTIES' VIEWS ON THE PROCESS GOING FORWARD**

   **1.     PLAINTIFF'S VIEW**

The parties have attempted in good faith to resolve their dispute regarding DHS's and CBP's pace of production, but this Court's intervention is now required because DHS and CBP have not agreed to set a processing rate as requested in plaintiff's October 2, 2018 email. Further discussion will not resolve this dispute, and will only serve to delay defendants' production of responsive documents—far beyond their production of similar documents under the schedule entered by this Court in *Muslim Advocates v. Dep't of Homeland Security*, No. 1:17-cv-00813 (TSC) (D.D.C. May 14, 2018), ECF No. 36. Plaintiff therefore moves the Court to order CBP and DHS to produce responsive documents as the same rates it ordered in *Muslim Advocates*:

- DHS shall process email records and complaints at a rate of 775 pages per month, excluding duplicates and records referred to other agencies and operating divisions (Items 1, 4, 5, 6, and 7 of the request);
- CBP shall continue to process the outstanding incident-level reports responsive to Item 2(b) of the request at the rate of 275 pages per month;
- CBP shall process the outstanding records responsive to Items 4(a) and 5 of the request at the rate of 500 pages per month, separately from its processing of 275 pages per month of incident-level reports responsive to Item 2(b).

Accordingly, based on CBP's representation that it anticipates completing its production of incident-level reports in October 2018, and based on DHS's representation that approximately

2000 pages responsive to Items 1, 4, 5, 6, and 7 of the request remain to be processed, plaintiff respectfully moves the Court to order CBP and DHS to complete those productions by October 31, 2018 and December 31, 2018, respectively.  Plaintiff also requests that the Court order CBP to identify the number of records responsive to Items 4(a) and 5 that remain to be processed, such that it may establish a date by which processing shall be complete at a rate of 500 pages per month.

Plaintiff's proposed order is attached.

**2.    DEFENDANTS' VIEW**

The processing rates that plaintiffs ask the Court to impose on DHS and CBP are ill-advised and unnecessary.  DHS processed 566 pages responsive to Items 1, 4, 6, or 7 of the request in September 2018.  ¶ A(8), *supra*.  It estimated as of October 1, 2018, that approximately 2,000 pages responsive to those items remained to be processed.  ¶ A(10), *supra*.  Plaintiff asks the Court to direct DHS to start processing pages responsive to Items 1, 4, 5, 6, or 7 of the request at the rate of 775 pages per month, ¶ B(1), *supra*, but two of the four employees of PRIV whose job it has been to process records for matters in litigation are moving to other positions within DHS and are expected to be gone from PRIV by mid-October 2018.  ¶ A(12), *supra*.  The third of the four employees has collateral duties that render him unable to engage in record-processing on a full-time basis.  *Id.*

PRIV has an immense workload.  Making that point clear in a declaration in *Muslim Advocates* dated May 4, 2018, the Deputy Chief FOIA Officer of DHS said:

> DHS PRIV is currently handling 36 litigations, either tangentially or as a named party of which PRIV is currently producing records in18 cases.  In 14 of those cases, PRIV is under either a court-order to process a certain number of pages per month or is processing records at a rate previously agreed to between the parties.  At this time, FOIA analysts are responsible for processing approximately 6,800 pages per month as a result of court-ordered production or as part of an agreement

> with Plaintiffs. So far this year, DHS PRIV has reviewed 35,890 pages, released 7,354 pages, and consulted on over 70,000 pages though litigation.

ECF No. 34-16 ¶ 19.

PRIV is in the process of trying to fill three vacancies. ¶ A(12), *supra*. Until those vacancies are filled, the most that it can do in this case is to process records responsive to Items 1, 4, 5, 6, or 7 of the request at the rate of 350 pages per month. *Id.* Instead of directing DHS to process those records at the rate of 775 pages per month, the Court should direct the parties to file another joint status report on or before December 10, 2018. DHS will make it clear in that report how much additional progress it has been able to make in processing the records that continue to require processing.

The Court should likewise refrain from directing CBP to process records at the rate that plaintiff requests. CBP provided a spreadsheet of information to plaintiff on August 31, 2018, in accordance with the agreement of the parties that it do so. ¶ A(4), *supra*. The spreadsheet that CBP provided to plaintiff consisted of 1,424 pages of information. *Id.* CBP has also been working steadily to provide plaintiff with a "2% sample of the incident-level reports dealing with border searches of electronic devices created during the past 18 months, including their narrative sections." ECF No. 26 at 4; *see* ECF No. 29 at 2, 4; ECF No. 30 at 2, 8; ECF No. 31 at 5; ¶¶ 4(A) & (9), *supra*. CBP anticipates that it will be able to complete production of the 2% sample by the end of October 2018. ¶ A(12), *supra*.

The completion of production of the 2% sample will leave CBP with certain records responsive to Items 4(a) and 5 of the request that will require processing. *See* ¶ A(3), *supra*. CBP anticipates that it will complete its production of those records by the end of March 2019. ¶ A(12), *supra*. Plaintiff asks that CBP be directed to process those records at the rate of 500 pages per month. ¶ B(1), *supra*. That request should be denied in view of the progress CBP has

made in complying with all of its other obligations in this case.  The Court instead should direct the parties to file another joint status report on or before December 10, 2018.  CBP will make clear in the report how many of the records responsive to Items 4(a) and 5 it has been able to process in the intervening two months and how many remain to be processed.[2]

                                           Respectfully submitted,

By: *s/ Scott B. Wilkens* (by email authorization)
Scott B. Wilkens, DC Bar 489631
Matthew S. Hellman, DC Bar 484132
Michael E. Stewart, DC Bar 144926
JENNER & BLOCK LLP
1099 New York Avenue, N.W., Suite 900
Washington, D.C.  20001
Tel: (202) 639-6072/Fax (202) 639-6066
Email: swilkens@jenner.com

Susan J. Kohlmann, *Pro Hac Vice*
JENNER & BLOCK LLP
919 Third Avenue
New York, New York 10022
Tel: (212) 891-1600/Fax (212) 891-1699

Jameel Jaffer, D.D.C. Bar MI0067
Katherine Fallow, *Pro Hac Vice*
Alex Abdo, *Pro Hac Vice*
Caroline M. DeCell, *Pro Hac Vice*
KNIGHT FIRST AMENDMENT INSTITUTE AT COLUMBIA UNIVERSITY
475 Riverside Drive, Suite 302
New York, New York  10115
Tel: (646) 745-8500
Attorneys for Plaintiff

JOSEPH H. HUNT
Assistant Attorney General

---

[2] CBP was directed by the order in *Muslim Advocates* dated May 14, 2018, "to process email records at a rate of 500 pages per month."  ECF No. 36 at 1.  The CBP records responsive to Items 4(a) and 5 are not "email records," however.

|  |  |
|---|---|
|  | ELIZABETH J. SHAPIRO |
|  | Deputy Director |
|  |  |
|  | s/ *David M. Glass* |
|  | DAVID M. GLASS, DC Bar 544549 |
|  | Senior Trial Counsel |
|  | Department of Justice, Civil Division |
|  | 1100 L Street, N.W., Room 12020 |
|  | Washington, D.C.  20530 |
|  | Tel: (202) 514-4469/Fax: (202) 616-8470 |
|  | E-mail: david.glass@usdoj.gov |
| Dated: October 9, 2018 | Attorneys for Defendants |

**CERTIFICATE OF SERVICE**

I hereby certify that I served the within report on all counsel of record by filing it with the Court by means of its ECF system on October 9, 2018.

s/ *David M. Glass*

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| KNIGHT FIRST AMENDMENT INSTITUTE AT COLUMBIA UNIVERSITY,<br><br>                  Plaintiff,<br><br>    v.<br><br>DEPARTMENT OF HOMELAND SECURITY, *et al.*,<br><br>                  Defendants. | No. 1:17-cv-00548-TSC |

## [PLAINTIFF'S PROPOSED] ORDER

Having considered the Ninth Joint Status Report and both parties' proposals stated therein, and all previous status reports filed in this matter, it is hereby ORDERED that Plaintiff's motion to set a production schedule is GRANTED. It is hereby ORDERED that:

- DHS shall process email records and complaints at a rate of 775 pages per month, excluding duplicates and records referred to other agencies and operating divisions (Items 1, 4, 5, 6, and 7 of the request);

- CBP shall continue to process the outstanding incident-level reports responsive to Item 2(b) of the request at the rate of 275 pages per month;

- CBP shall process the outstanding records responsive to Items 4(a) and 5 of the request at the rate of 500 pages per month, separately from its processing of 275 pages per month of incident-level reports responsive to Item 2(b).

It is further ORDERED that CBP shall complete its processing of incident-level reports by October 31, 2018; that DHS shall complete its processing of documents responsive to Items 1, 4, 5, 6, and 7 of the request by December 31, 2018; and that CBP shall identify the number of records

responsive to Items 4(a) and 5 that remain to be processed, such that this Court may establish a date by which processing shall be complete at a rate of 500 pages per month. These dates shall be extended only for good cause shown.

It is further ORDERED that the parties file another joint status report on or before December 10, 2018.

IT IS SO ORDERED.

DATE: _____         _____
                              The Honorable Tanya S. Chutkan
                              United States District Judge

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| **KNIGHT FIRST AMENDMENT INSTITUTE AT COLUMBIA UNIVERSITY,**<br><br>　　　　　　　　**Plaintiff,**<br><br>　　v.<br><br>**DEPARTMENT OF HOMELAND SECURITY,** *et al.*,<br><br>　　　　　　　　**Defendants.** | No. 1:17-cv-00548-TSC |

## **[DEFENDANTS' PROPOSED] ORDER**

It is hereby ordered in view of the joint status report filed on October 9, 2018, that the parties file another joint status report on or before December 10, 2018.

Dated: _____　　　　　_____
　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE