*Knight First Amend. Inst. at Columbia Univ. v. Dep't of Homeland Sec.*
No. 1:17-cv-00548-TSC

Defendants' Motion for Summary Judgment

Ex. A

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| KNIGHT FIRST AMENDMENT INSTITUTE AT COLUMBIA UNIVERSITY, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 1:17-cv-00548-TSC |
| DEPARTMENT OF HOMELAND SECURITY, *et al.*, | ) ) ) | |
| Defendants. | ) ) ) ) | |

## DECLARATION

I, Terri M. Miller, make this Declaration under penalty of perjury, pursuant to 28 U.S.C. § 1746:

1.      I am the Freedom of Information (FOIA) Officer for the Transportation Security Administration (TSA), a component agency of the U.S. Department of Homeland Security (DHS).  I am responsible for overseeing the processing of all requests made to TSA under FOIA, 5 U.S.C. § 552, and the Privacy Act, 5 U.S.C. § 552a; for initiating searches for records relevant to such requests; and for supervising the determination of what records or portions thereof should be disclosed and which should be withheld in part or in full.  My duty station is the TSA headquarters in Arlington, VA.

2.      In my capacity as TSA's FOIA Officer, I am familiar with TSA's obligations under FOIA and the Privacy Act, including application of the various exemptions thereunder. TSA's normal business practice for processing and responding to requests under the FOIA includes contacting requestors to clarify the scope of their requests as needed, tasking TSA program offices with conducting reasonable, thorough searches for responsive records, coordinating the review of any responsive records to identify and redact Sensitive Security

Information (SSI), reviewing responsive records to identify and redact any other information that is exempt from disclosure under the FOIA, and providing responsive records to requestors.

3.     This declaration is based on my personal knowledge and information gained in my official capacity.

4.     On September 2, 2019, the U.S. Customs and Border Protection (CBP) FOIA Office referred twenty (20) pages to TSA's FOIA Office for review because the records contained information with TSA equities. These documents were referenced as *Knight Referral Records*, CBP-2019-054420 in the matter of *Knight First Amendment Institute v. DHS*, No. 1:17-cv-00548-TSC (D.D.C.) and TSA FOIA Office assigned these documents FOIA reference number TSA 2019-TSFO-00654.

5.     Upon review, TSA's FOIA Branch noted that two of the twenty-page submittal were CBP originated documents, which were therefore returned to CBP for processing, and further noted that six additional pages of the twenty-page submittal were duplicates, thus TSA FOIA Branch processed 12 pages for release. This process included submitting the documents to TSA's SSI Program for review for the purpose of identifying and redacting SSI.  SSI is exempt from disclosure under the FOIA pursuant to 5 U.S.C. § 552(b)(3)(a)(ii), 49 U.S.C. § 114(r), and 49 C.F.R. §§ 1520.5, 1520.9 and 1520.15(a). The SSI Program identified and redacted SSI in the responsive records.

6.     Following the completion of the SSI Program's review and appropriate redaction of SSI, the FOIA Branch reviewed the documents to identify and appropriately redact other information exempt from disclosure under the FOIA.  This declaration will address only the SSI ((b)(3)) withholdings, however, as I understand only these are being challenged.

7.     Attached as Exhibit A is an index of the (b)(3) redactions made to the responsive documents by TSA's SSI and FOIA Branches.  The index shows that TSA appropriately redacted information from the responsive documents pursuant to the FOIA disclosure requirements found at 5 U.S.C. § 552(b)(3). TSA redacted SSI from the responsive documents pursuant to the b(3) exemption because disclosure of SSI is expressly prohibited by 49 U.S.C. § 114(r) and 49 C.F.R. §§ 1520.9 and 1520.15(a).

8.     FOIA's (b)(3) exemption allows the withholding of information "specifically exempted from disclosure by statute …if that statute – (A) (i) requires that the matters be withheld from the public in such a manner as to leave no discretion on the issue; or (ii) establishes particular criteria for withholding or refers to particular types of matters to be withheld; and (B) if enacted after the date of enactment of the OPEN FOIA Act of 2009, specifically cites to this paragraph."

9.     Pursuant to 49 U.S.C. § 114(r), information is exempt from disclosure notwithstanding the FOIA if TSA determines that disclosure would (A) be an unwarranted invasion of personal privacy; (B) reveal a trade secret or privileged or confidential or financial information; or (C) be detrimental to the security of transportation."

10.     Under its authority granted by 49 U.S.C. § 114(r)(1), TSA has promulgated regulations set forth at 49 C.F.R. part 1520 prohibiting the disclosure of SSI and designating certain information as SSI.  The prohibition on the public disclosure of SSI is not discretionary; it is mandatory in accordance with 49 U.S.C. § 114(r) and 49 C.F.R. §§ 1520.5, 1520.9 and 1520.15(a).

11.     49 C.F.R. § 1520(b)(9)(ii) expressly designates as SSI "information and sources of information used by a passenger or property screening program or system, including an automated screening system."

12.     As further explained in the Declaration of Douglas Blair that is also filed with the Court in this case, TSA determined that the information redacted from the responsive documents pursuant to the (b)(3) exemption is SSI within the scope of the designation provided in 49 C.F.R. § 1520(b)(9)(ii).

13.     On September 30, 2019, TSA FOIA emailed the processed production to the plaintiff's counsel.

14.     Upon further review it was determined additional information would be released on pages 2,3,7,8, and 11. Accordingly, on December 18, 2019, TSA FOIA emailed a supplemental amended response to the plaintiff's counsel.

15.     TSA's final determination as to what constitutes SSI are exclusively reviewable by a United States Court of Appeals under 49 U.S.C. § 46110.[1]

EXECUTED: December _9_, 2019

Teri M/ Miller
FOIA Officer
Office of Civil Rights & Liberties, Ombudsman &
Traveler Engagement
Transportation Security Administration
U.S. Department of Homeland Security

---

[1] Although section 46110 refers to TSA final orders issued pursuant to "subsection (1) or (s) of section 114," subsection (s) of section 114 was later redesignated as subsection (r).  *See* Consolidated Appropriations Act, 2008, Pub. L. No. 110-161, Div. E, § 568(a), 121 Stat. 1844, 2092 (2007).

*Knight First Amendment Institute v. DHS*, No. **1:17-cv-00548-TSC (D.D.C.)**
VAUGHN INDEX (TSA)
EXHIBIT A TO DECLARATION OF TSA FOIA OFFICER TERI M. MILLER

| Page # | Document Description | RIP/WIF | Exemption applied | Justification for Exemption |
|---|---|---|---|---|
| 1 of 12 | Redress Case Form, page 1 of 3 | RIP | b(3): 49 U.S.C. § 114(r) | b(3): SSI, withheld as required by 49 U.S.C. § 114(r) and 49 C.F.R. § 1520.15(a) |
| 2 of 12 | Redress Case Form, page 2 of 3 | RIP | b(3): 49 U.S.C. § 114(r) | b(3): SSI, withheld as required by 49 U.S.C. § 114(r) and 49 C.F.R. § 1520.15(a) |
| 3 of 12 | Redress Case Form, page 3 of 3 | RIP | b(3): 49 U.S.C. § 114(r) | b(3): SSI, withheld as required by 49 U.S.C. § 114(r) and 49 C.F.R. § 1520.15(a) |
| 6 of 12 | Redress Case Form, page 1 of 3 | RIP | b(3): 49 U.S.C. § 114(r) | b(3): SSI, withheld as required by 49 U.S.C. § 114(r) and 49 C.F.R. § 1520.15(a) |
| 7 of 12 | Redress Case Form, page 2 of 3 | RIP | b(3): 49 U.S.C. § 114(r) | b(3): SSI, withheld as required by 49 U.S.C. § 114(r) and 49 C.F.R. § 1520.15(a) |
| 8 of 12 | Redress Case Form, page 3 of 3 | RIP | b(3): 49 U.S.C. § 114(r) | b(3): SSI, withheld as required by 49 U.S.C. § 114(r) and 49 C.F.R. § 1520.15(a) |
| 10 of 12 | Redress Case Form, page 1 of 3 | RIP | b(3): 49 U.S.C. § 114(r) | b(3): SSI, withheld as required by 49 U.S.C. § 114(r) and 49 C.F.R. § 1520.15(a) |
| 11 of 12 | Redress Case Form, page 2 of 3 | RIP | b(3): 49 U.S.C. § 114(r) | b(3): SSI, withheld as required by 49 U.S.C. § 114(r) and 49 C.F.R. § 1520.15(a) |
| 12 of 12 | Redress Case Form, page 3 of 3 | RIP | b(3): 49 U.S.C. § 114(r) | b(3): SSI, withheld as required by 49 U.S.C. § 114(r) and 49 C.F.R. § 1520.15(a) |