*Knight First Amend. Inst. at Columbia Univ. v. Dep't of Homeland Sec.*
No. 1:17-cv-00548-TSC

Defendants' Motion for Summary Judgment

Ex. E

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KNIGHT FIRST AMENDMENT INSTITUTE AT COLUMBIA UNIVERSITY, </br></br> Plaintiff, </br></br> v. </br></br> DEPARTMENT OF HOMELAND SECURITY, *et al.*, </br></br> Defendants. | No. 1:17-cv-00548-TSC |

## DECLARATION

**I, Douglas E. Blair,** make this Declaration under penalty of perjury, pursuant to 28 U.S.C. § 1746:

1. I am the Chief of the Sensitive Security Information (SSI) Program of the Office of Law Enforcement & Federal Air Marshal Service at the Transportation Security Administration (TSA). My duty station is the TSA headquarters in Arlington, VA.

2. Pursuant to 49 U.S.C. § 114(r), the Administrator of TSA is vested with the authority to determine what information constitutes SSI and to prohibit its disclosure. That authority has been delegated from the Administrator to the Chief of the SSI Branch pursuant to a TSA Management Directive signed by the Administrator on April 23, 2012. The SSI Branch serves as the primary point of contact for issues involving TSA's SSI designations and equities for all TSA program offices, the Department of Homeland Security (DHS) Office of Security, all other DHS component agencies, and transportation security stakeholders.

3. The SSI Branch conducts assessments and reviews of TSA and DHS records, and upon request, records of other "covered persons" identified in 49 C.F.R. § 1520.7, to determine which information contained therein is SSI in accordance with 49 C.F.R. part 1520. After determining that records contain SSI, the SSI Branch works to ensure that the records are appropriately marked and stored at all times and properly redacted prior to release to non-covered parties. The prohibition on public release of SSI is not discretionary; it is mandatory under 49 U.S.C. § 114(r)(1) and 49 C.F.R. § 1520.15(a). The SSI Branch also determines whether specific information should no longer be protected as SSI in accordance with 49 C.F.R. § 1520.5(c).

4. In the course of performing my official duties as Chief, I supervise and approve the SSI Branch's review of TSA records that have been identified as responsive to FOIA requests received by the agency. The SSI Branch is responsible for reviewing such records to identify SSI for redaction prior to their release.

5. This declaration is based on personal knowledge and information gained in my official capacity as Chief of the SSI Branch.

6. I understand that the requestor submitted a FOIA request to DHS, CBP and U.S. Immigration and Customs Enforcement ("ICE") seeking records concerning suspicionless searches of individuals' electronic devices at the nation's borders. The search yielded certain documents with TSA equities, which were referred to the SSIP Branch by the TSA FOIA Branch. SSIP Branch assigned reference number 19-14523 to this review, and I understand the TSA FOIA Branch assigned reference number TSA 2019-TSFO-00654 to the review. I have reviewed the SSI Branch's entire administrative file regarding the review of 12 pages of Transportation Security Redress Branch (TSRB) Redress Management System

(RMS) records to the SSI review 19-14523 (same as TSA 2019-TSFO-00654). These documents include information that would reveal SSI. Accordingly, the result of the search is SSI that cannot be disclosed to Plaintiff.

7. Exemption 3 of the Freedom of Information Act (FOIA), 5 U.S.C. § 552(b)(3), allows the withholding of information "specifically exempted from disclosure by statute . . ., if that statute – (A)(i) requires that the matters be withheld from the public in such a manner as to leave no discretion on the issue; or (ii) establishes particular criteria for withholding or refers to particular types of matters to be withheld[.]"

8. Pursuant to 49 U.S.C. § 114(r) and implementing regulations found at 49 C.F.R. part 1520, information designated as SSI is exempt from disclosure under FOIA Exemption 3 if TSA determines that disclosure would "(A) be an unwarranted invasion of personal privacy; (B) reveal a trade secret or privileged or confidential commercial or financial information; or (C) be detrimental to the security of transportation." 49 U.S.C. § 114(r)(1). TSA's determinations as to what constitutes SSI are exclusively reviewable by the United States Courts of Appeals under 49 U.S.C. § 46110.

9. The SSI Branch, therefore, under my supervision, reviewed the 12 pages of responsive RMS records prior to their release to Plaintiff. I have also personally reviewed the records. I have determined that all portions of the records redacted pursuant to Exemption 3 are SSI under 49 U.S.C. § 114(r) and 49 C.F.R. part 1520.5(b)(9)(ii). Because the redacted information is SSI, it may not be publicly disclosed under 49 U.S.C. § 114(r) and 49 C.F.R. §§ 1520.9 and 1520.15(a). I have also determined that release of this information would be detrimental to the security of transportation. Accordingly, this information cannot be publicly

3

disclosed and was appropriately redacted from the documents provided to Plaintiff in response to his FOIA request.

10. An index of the b(3) redactions applied to the responsive records is filed with the Court as Exhibit A to the Declaration of TSA's FOIA Officer Teri Miller. In summary, all of the SSI redactions were applied to protect from disclosure "[i]nformation and sources of information used by a passenger or property screening program or system, including an automated screening system." 49 C.F.R. § 1520.5(b)(9)(ii). More particularly, the redacted information in these records would tend to reveal information that would reveal an individual's status vis-à-vis the No Fly List and the Selectee List (i.e., whether the individual is on or off either list). See Protection of Sensitive Security Information, 69 Fed. Reg. 28066-01, 28071 (May 18, 2004) (interim final rule adding 49 C.F.R. § 1520.5(b)(9)(ii)) ("This is intended to cover . . . lists of individuals identified as threats to transportation or national security.").

11. Information that would reveal an individual's status vis-à-vis the No Fly List and Selectee List is SSI that cannot be publicly disclosed because it could enable terrorists to evade or circumvent transportation security screening procedures. It could enable those planning an attack on an aircraft to identify operatives who have or have not previously been identified as a threat. In addition, withholding information that would reveal an individual's status vis-à-vis the No Fly List and Selectee List protects the operational counterterrorism and intelligence collection objectives of the Federal Government, as well as the personal safety of those involved in counterterrorism investigations. Federal Watch Lists remain effective tools in the government's counterterrorism and transportation security efforts because their contents are not disclosed.

DATED:  Arlington, Virginia, December _19_, 2019.

_____

DOUGLAS E. BLAIR
Chief, SSI Branch
Office of Security Services & Assessments
Office of Law Enforcement &
Federal Air Marshal Service
Transportation Security Administration
U.S. Department of Homeland Security