*Knight First Amend. Inst. at Columbia Univ. v. Dep't of Homeland Sec.*
No. 1:17-cv-00548-TSC

Defendants' Motion for Summary Judgment

Ex. G

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| KNIGHT FIRST AMENDMENT INSTITUTE AT COLUMBIA UNIVERSITY,<br><br>Plaintiff,<br><br>v.<br><br>DEPARTMENT OF HOMELAND SECURITY, *et al.*,<br><br>Defendants. | No. 1:17-cv-00548-TSC |

**Declaration of Drew Lavine**

Pursuant to 28 U.S.C. § 1746, I, Drew Lavine, hereby declare as follows:

1. I make this declaration on the basis of my personal knowledge, information provided to me in my official capacity, and conclusions and determinations made in accordance therewith.

2. I am an Assistant Counsel to the Inspector General at the U.S. Department of Homeland Security (DHS) Office of Inspector General (OIG). DHS OIG conducts independent criminal, civil, and administrative investigations, as well as audits, inspections, and special reviews of DHS personnel, programs, and operations to detect and deter waste, fraud, and abuse, and to promote integrity, economy, and efficiency within DHS.

3. I have worked for DHS OIG as an Assistant Counsel to the Inspector General since February 2017. In this capacity, my responsibilities include advising the DHS OIG FOIA Unit and litigating FOIA cases. I am familiar with DHS OIG's procedures and policies with respect to FOIA matters.

4. I am familiar with Plaintiff's FOIA request and DHS OIG's response to Plaintiff's FOIA request.

5. On May 16, 2019, the DHS Privacy Office referred to DHS OIG one document, totaling 39 pages of records, responsive to Plaintiff's FOIA request. The referral included the responsive records, Plaintiff's initial FOIA request, and Plaintiff's complaint. The referred document is a DHS OIG Report of Investigation (ROI). The DHS Privacy Office input suggested redactions on the referred document. The DHS Privacy Office advised that DHS OIG should process the responsive document and respond directly to Plaintiff.

6. On May 28, 2019, DHS OIG sent Plaintiff a final response containing 13 pages released in full (RIF) and 26 pages released in part (RIP). DHS OIG asserted FOIA exemptions b(6), b(7)(C), and b(7)(E) to withhold material from the records. DHS OIG mistakenly did not identify FOIA exemption 7(E) in its final response letter; however, DHS OIG properly marked FOIA exemption 7(E) withholdings within the record set.

### FOIA Exemptions b(6) and b(7)(C)

7. DHS OIG asserted exemptions b(6) and b(7)(C) to withhold material on pages 2-6, 8, 10, 12-13, 15-16, 18, 20, 22-26, 28-31, 33, 35, 37, and 39 of the responsive records to withhold the name and title of an investigative subject, the names of private persons, the names of lower-level OIG investigators, the names of investigative witnesses, and handwritten sworn statements of investigative witnesses.

8. DHS OIG compiled the responsive records for a law enforcement purpose: an investigation by DHS OIG, a law enforcement agency. DHS OIG determined that the

privacy considerations pertaining to this information outweigh any public interest in the release of the information as required by FOIA exemptions b(6) and b(7)(C).

## FOIA Exemption 7(E)

9. DHS OIG asserted FOIA exemption b(7)(E) to withhold material on pages 12, 22, and 39 of the responsive records to withhold law enforcement techniques and procedures for Customs and Border Protection (CBP), a law enforcement agency, the disclosure of which could reasonably be expected to risk circumvention of the law. The above referenced FOIA exemption b(7)(E) assertions were requested by the DHS Privacy Office in its referral to DHS OIG.

10. Plaintiff did not appeal DHS OIG's withholdings.

I declare under penalty of perjury that the foregoing is true and correct, to the best of my knowledge and belief.

EXECUTED: January 13, 2020     *[signature]*

DREW LAVINE
Assistant Counsel to the Inspector General
Office of Inspector General
U.S. Department of Homeland Security