*Knight First Amend. Inst. at Columbia Univ. v. Dep't of Homeland Sec.*
No. 1:17-cv-00548-TSC

Defendants' Motion for Summary Judgment

Ex. H

*Freedom of Information Act Office*

U.S. Department of Homeland Security
500 12th St SW, Stop 5009
Washington, DC 20536



**U.S. Immigration and Customs Enforcement**

October 4, 2019

Katherine Fallow
Knight First Amendment Institute
475 Riverside Drive
Suite 302
New York, NY 10115

RE: *__Knight First Amendment Institute v. Department of Homeland Security__* *(*17-cv-548 TSC)
     ICE FOIA Case Number 2017-ICLI-00011
     CBP Referral – DHS Case 2017-HQLI-00013

Dear Ms. Fallow:

This letter responds to the Freedom of Information Act (FOIA) request to U.S. Immigration and Customs Enforcement (ICE), submitted by your client Knight First Amendment Institute, dated March 15, 2017. In the FOIA request your client has requested copies of the following records:

1. Documents containing statistical information concerning the search, detention, retention or sharing of electronic devices or information of individuals at the border (or functional equivalent of the border) since fiscal year 2012
2. Documents relating to each instance since fiscal year 2012 in which CBP or ICE searched, detained, retained or shared an electronic device or the information accessible on it
3. Revisions of or documents supplementing or superseding the CBP and ICE directives concerning border searches of electronic devices
4. Certain documents relating to any reviews of CBP's or ICE's policies or practices concerning electronic device searches
5. Documents concerning or relating to complaints filed by individuals or organizations about CBP's or ICE's search, review, retention or sharing of the information on travelers' electronic devices
6. Documents reflecting policies, practices or procedures concerning how CBP officers handle "privileged or other sensitive materials," including "work-related information carried by journalists" as described in the CBP directive concerning border searches of electronic devices
7. Documents reflecting policies, practices and procedures concerning CBP's anti-discrimination policy as applied to discretionary electronic device searches.

**This Production**

For this release, ICE processed 164 pages that were located by the Department of Homeland Security (DHS) and (CBP) and sent to us on September 1, 2019 for processing and direct response to you. This release consists of 164 pages of records which have been Bates numbered 2017-ICLI-00011 2145 through 2017-ICLI-00011 2308. Portions of these pages will be withheld pursuant to FOIA Exemptions (b)(5), (b)(6), (b)(7)(a), (b)(7)(C) and (b)(7)(e) of the FOIA as described below.

ICE has applied FOIA Exemption 5 to protect from disclosure intra-agency documents that contain the recommendations, opinions, and conclusions of agency employees, and portions of the responsive documents which qualify for protection under the deliberative process privilege, the attorney-client privilege, and the attorney work-product privilege.

**FOIA Exemption 5** protects inter-agency or intra-agency memorandums or letters which not be available by law to a party other than an agency in litigation with the agency. The deliberative process privilege protects the integrity of the deliberative or decision-making processes within the agency by exempting from mandatory disclosure opinions, conclusions, and recommendations included within inter-agency or intra-agency memoranda or letters. The release of this internal information would discourage the expression of candid opinions and inhibit the free and frank exchange of information among agency personnel. The attorney work-product privilege protects documents and other memoranda prepared by an attorney in contemplation of litigation. The attorney-client privilege protects confidential communications between an attorney and his client relating to a legal matter for which the client has sought professional advice. It applies to facts divulged by a client to his attorney, and encompasses any opinions given by an attorney to his client based upon, and thus reflecting, those facts, as well as communications between attorneys that reflect client-supplied information. The attorney-client privilege is not limited to the context of litigation.

ICE has applied FOIA Exemptions 6 and 7(C) to protect from disclosure the names, e-mail addresses, and phone numbers of ICE and DHS employees contained within the documents, as well as the names, and other personally identifiable information of other individuals contained within the records. Additionally, ICE has applied FOIA Exemption 7(A) to protect from disclosure records or information compiled for law enforcement purposes, the release of which could reasonably be expected to interfere with enforcement proceedings.

**FOIA Exemption 6** exempts from disclosure information in personnel or medical files and similar files the release of which would cause a clearly unwarranted invasion of personal privacy. This requires a balancing of the public's right to disclosure against the individual's right to privacy. The privacy interests of the individuals in the records you have requested outweigh any minimal public interest in disclosure of the information. Any private interest you may have in that information does not factor into the aforementioned balancing test.

**FOIA Exemption 7(A)** protects from disclosure records or information compiled for law enforcement purposes, the release of which could reasonably be expected to interfere with enforcement proceedings. I have determined that the information you are seeking relates to an

ongoing law enforcement investigations. Therefore, I am withholding all records, documents, and/or other material, which if disclosed prior to completion, could reasonably be expected to interfere with law enforcement proceedings and final agency actions related to those proceedings. Please be advised that once all pending matters are resolved and FOIA Exemption 7(A) is no longer applicable, there may be other exemptions which could protect certain information from disclosure, such as FOIA Exemptions 5, 6, 7(C), 7(D), 7(E), and 7(F).

**FOIA Exemption 7(C)** protects records or information compiled for law enforcement purposes when production of such could reasonably be expected to constitute an unwarranted invasion of personal privacy. This exemption takes particular note of the strong interests of individuals, whether they are suspects, witnesses, or investigators, in not being unwarrantably associated with alleged criminal activity. That interest extends to persons who are not only the subjects of the investigation, but those who may have their privacy invaded by having their identities and information about them revealed in connection with an investigation. Based upon the traditional recognition of strong privacy interests in law enforcement records, categorical withholding of information that identifies third parties in law enforcement records is ordinarily appropriate.

ICE has applied FOIA Exemption 7(E) to protect from disclosure internal agency law enforcement case numbers, internal codes, unexecuted operation plans, agency software and hardware information, instructional manuals, user manuals, and training materials related to a law enforcement system and database which contain law enforcement sensitive techniques and procedures that are not well known to the public.

**FOIA Exemption 7(E)** protects records compiled for law enforcement purposes, the release of which would disclose techniques and/or procedures for law enforcement investigations or prosecutions or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law. I have determined that disclosure of certain law enforcement sensitive information contained within the responsive records could reasonably be expected to risk circumvention of the law. Additionally, the techniques and procedures at issue are not well known to the public.

If you need to contact ICE about this matter, please contact the Department of Justice Attorney, David Glass at David.Glass@usdoj.gov.

Sincerely,

*Toni Fuentes for*

Catrina M. Pavlik-Keenan
FOIA Officer

Enclosure(s): 164 page(s)