# EXHIBIT G



*Homeland Security Investigations*

# National Security Investigations Handbook

HSI HB 13-03 / April 26, 2013

U.S. Immigration
and Customs
Enforcement

—FOR OFFICIAL USE ONLY—LAW ENFORCEMENT SENSITIVE—

## Foreword

The National Security Investigations Handbook provides a uniform source of national policies, procedures, responsibilities, guidelines, and controls to be followed by U.S. Immigration and Customs Enforcement (ICE) Homeland Security Investigations (HSI) Special Agents when conducting national security-related investigations. This Handbook contains instructions and guidance to help ensure uniformity and operational consistency among all HSI field offices. Oversight over the HSI National Security Program resides with the Unit Chief, National Security Unit. (Note: On June 9, 2010, the ICE Offices of Investigations (OI), International Affairs, and Intelligence were realigned under HSI. Throughout this Handbook, documents issued prior to the June 9, 2010, realignment are referred to using the original organizational names in their titles, e.g., "OI" instead of "HSI").

This 2013 edition of the National Security Investigations Handbook amends Sections 12.1 and 12.3 of HSI HB 11-02, National Security Investigations Handbook," dated April 27, 2011. HSI HB 11-2 is hereby superseded. This 2013 edition also supersedes the HSI memorandum entitled, "Joint Terrorism Task Force Staffing," dated January 19, 2012.

The National Security Investigations Handbook is an internal policy of HSI and is not intended to confer any right or benefit on any private person or party. If disclosure of this Handbook or any portion of it is demanded in any judicial or administrative proceeding, the HSI Records and Disclosure Unit, as well as the Office of the Principal Legal Advisor at Headquarters and the local U.S. Attorney's Office, if appropriate, are to be consulted so that appropriate measures can be taken to invoke privileges against disclosure. This Handbook contains information which may be exempt from disclosure to the public under the Freedom of Information Act, Title 5, United States Code, Section 552(b), and protected from disclosure in civil discovery pursuant to the law enforcement privilege. Any further request for disclosure of this Handbook or information contained herein should be referred to the HSI Records and Disclosure Unit.

The HSI Policy Unit is responsible for coordinating the development and issuance of HSI policy. All suggested changes or updates to this Handbook should be submitted to the HSI Policy Unit, which will coordinate all needed revisions with the National Security Unit.

(b)(6);(b)(7)(C)

4/26/2013
Date

Executive Associate Director
Homeland Security Investigations

(b)(7)(E)

## 10.11   FISA Application in "Lone Wolf" Situations

(b)(7)(E)

## Chapter 11.   BORDER SEARCHES OF DOCUMENTS AND ELECTRONIC DEVICES

### 11.1   Background

At the border (or its functional equivalent), HSI has a broad authority to conduct searches of persons and goods upon their entry into or exit out of the United States without first obtaining a warrant and without suspicion.  This authority stems from long-standing and well-recognized exceptions to the Fourth Amendment's warrant and probable cause requirements that are premised on the Government's interest in protecting its citizens from the entry of persons and items harmful to U.S. interests.  Repeatedly, the Supreme Court has recognized that "searches made at the border, pursuant to the long-standing right of the sovereign to protect itself by stopping and examining persons and property crossing into this country, are reasonable simply by virtue of the fact that they occur at the border."  (See United States v. Ramsey, 431 U.S. 606, 616 (1977).)

HSI does not distinguish between the search of merchandise contained in electronic devices and merchandise contained in any other form that crosses U.S. borders.  With respect to the border search of electronic devices, federal courts, including the U.S. Court of Appeals for the Ninth Circuit, have concluded that searching documents, including those in electronic form, is well within the broad border search exception exercised by HSI and have generally endorsed the view that laptop computers or other electronic devices are neither conceptually nor constitutionally different from other closed containers subject to suspicionless searches at the border.  The exercise of this plenary authority has been critical to ensuring national security at U.S. borders.

## 11.2    Authorities

ICE Directive 7-6.0, Border Searches of Documents and Electronic Media, dated July 16, 2008, and ICE Directive 10044.1 (former number: 7-6.1), Border Searches of Electronic Devices, dated August 18, 2009, or as updated, set forth the legal guidelines and establish policy and procedures regarding border searches of documents and electronic devices. (Note:  ICE Directive 7-6.0 was superseded by ICE Directive 10044.1 (former number: 7-6.1) only as it relates to electronic devices.).  pursuant to Customs border search authorities, contained in Title 19 of the United States Code, HSI may conduct stops and searches of merchandise and persons at the U.S. border without any individualized suspicion.  Additionally, pursuant to immigration authorities found in 8 U.S.C. §§ 1225 and 1357, HSI may inspect all aliens who apply for admission; take and consider evidence concerning the privilege of any person to enter, pass through, or reside in the United States that is material or relevant to the enforcement of immigration laws; and conduct a search without a warrant of any person and the personal effects in his or her possession when there is reasonable cause to suspect a basis for denying admission to the United States.

## 11.3    Border Searches by HSI Special Agents

Border searches must be conducted by HSI SAs or other properly designated Customs Officers, such as law enforcement officers cross-designated by ICE as customs officers (e.g., TFOs), and persons whose assistance to ICE is demanded under 19 U.S.C. § 507. During a border search, SAs may detain documents and electronic devices, or copies thereof, for further review, either on-site or at an off-site location, including an associated third agency with a demand for assistance under 19 U.S.C. § 507.  HSI SAs must contact their local Computer Forensics Agent (CFA) or Computer Forensics Analyst (CFA) for assistance in searching any electronic media.  If a CFA is not available, HSI SAs must contact the Computer Forensics Unit in the HSI Cyber Crimes Center for interim support. Any demand for assistance made on an outside agency must be in compliance with existing Memorandums of Understanding (MOUs), Memorandums of Agreement (MOAs) or similar mechanism between ICE and the other agency, as well as meeting the parameters outlined in ICE Directive 7-6.0, Border Searches of Documents and Electronic Media, dated July 16, 2008, or as updated, and ICE Directive 10044.1 (former number: 7-6.1), Border Searches of Electronic Devices, dated August 18, 2009, or as updated.

(Note:  ICE Directive 7-6.0 was superseded by ICE Directive 10044.1 (former number: 7-6.1) only as it relates to electronic devices.)

## 11.4    Chain of Custody

Whenever HSI detains documents or electronic devices, or copies thereof, the detaining SA must initiate a chain of custody form (DHS Form 6051D, Detention Notice and Custody Receipt for Detained Property) or other appropriate documentation.  All detentions must be handled in accordance with ICE Directive 7-6.0, Border Searches of Documents and Electronic Media, dated July 16, 2008, or as updated, ICE Directive 10044.1 (former

number: 7-6.1), Border Searches of Electronic Devices, dated August 18, 2009, or as updated, and OI memorandum, "Recordkeeping Procedures Regarding Detentions of Documents and Electronic Media," dated December 12, 2008, or as updated.  Whenever an HSI SA seizes documents or electronic devices, the seizing SA must enter the seizure into the Seized Asset and Case Tracking System (SEACATS) via the completion of an Incident Report.

As of the date of issuance of this Handbook, there is no mechanism for entering or tracking non-physical evidence in SEACATS; therefore, SAs should not enter additional copies of evidentiary image files into SEACATS.  Computer forensics images or copies of information from electronic devices and media are not to be entered into SEACATS.  Whenever an HSI SA seizes a copy or image of electronic media, the seizing SA must initiate a chain of custody form (6051S, Custody Receipt for Seized Property and Evidence) and other appropriate documentation.

## 11.5    Demands for Assistance

During a border search, SAs may encounter information in documents and electronic devices that requires the assistance of another federal agency or a non-federal entity in order to perform their duties.  Assistance is typically required for issues related to foreign language translation, decryption, and other technical issues.  SAs may demand this type of assistance in any case and without individualized suspicion.

SAs may also encounter information that is not in a foreign language or that has no decryption or technical issues, but that nevertheless requires referral to subject matter experts to determine whether the information is relevant to the laws administered and enforced by HSI.  SAs may demand such assistance when they have reasonable suspicion of activities in violation of the laws enforced by HSI.

SAs are encouraged to contact NSU and/or their local HSI embedded attorney should any questions arise regarding demands for assistance.  Additionally, NSU can provide SAs with technical and subject matter expertise upon request.  (See OI Memorandum, "Field Guidance on Handling Detained or Seized Electronic Media from Persons of National Security Interest at Ports of Entry," dated March 5, 2007, or as updated.)  SAs are encouraged to contact the TAS Section Chief for additional guidance.

## 11.6    Information Sharing

HSI SAs acting under border search authority may share information relating to national security with law enforcement and intelligence agencies consistent with the guidelines and applicable laws set forth in ICE Directive 7-6.0, Border Searches of Documents and Electronic Media, dated July 16, 2008, or as updated, and ICE Directive 10044.1 (former number: 7-6.1), Border Searches of Electronic Devices, dated August 18, 2009, or as updated.  It is important to note that border searches may not be conducted on behalf of a third-agency and any electronic media obtained through ICE border search authority must

be searched by an HSI SA or another properly authorized officer who meets the definition of "customs officer" under 19 U.S.C. § 1401(i).  HSI SAs are encouraged to consult their respective local HSI embedded attorney for more detailed information regarding when and how information sharing with law enforcement and intelligence authorities is appropriate.

## Chapter 12.  JOINT TERRORISM TASK FORCE PARTICIPATION

(b)(7)(E)

(b)(7)(E)