# EXHIBIT H

1300 Pennsylvania Avenue NW<br>
Washington, DC 20229

March 15, 2019

SENT BY ELECTRONIC MAIL TO: carrie.decell@knightcolumbia.org

Katherine Fallow
Knight First Amendment Institute
535 West 116th Street
314 Low Library
New York, NY 10027

RE:  CBP-2019-017263; *Knight First Amendment Institute v. DHS*, No. 1:17-cv-00548-TSC (D.D.C.)

Dear Attorney Fallow:

This is an electronic response to your Freedom of Information Act (FOIA) request to the Department of Homeland Security (DHS), dated March 27, 2017 seeking constructive denial. While processing your request, the Department of Homeland Security located records that fall under the purview of U.S. Customs and Border Protection (CBP).  Accordingly, your request and 679 pages of responsive records were referred to this office for processing and direct response to you.  Your request and 593 pages of referrals were received in this office on December 13, 2018. 86 pages of referrals remain to be processed because DHS did not provide CBP with information necessary for their identification until March 14, 2019.

After review of the referred documents, CBP has determined that 311 pages with be withheld in their entirety and portions of 282 pages will be withheld pursuant to Title 5 U.S.C. § 552 (b)(5),(b)(6), (b)(7)(C) and (b)(7)(E).

Enclosed are 282 pages with certain information withheld as described below:

**FOIA Exemption (b)(5)** protects from disclosure those inter- or intra-agency documents that are normally privileged in the civil discovery context.  The three most frequently invoked privileges are the deliberative process privilege, the attorney work-product privilege, and the attorney-client privilege.  After carefully reviewing the responsive documents, CBP determined that portions of the responsive documents qualify for protection under the deliberative process privilege.  The deliberative process privilege protects the integrity of the deliberative or decision-making processes within the agency by exempting from mandatory disclosure opinions, conclusions, and recommendations included within inter-agency or intra-agency memoranda or letters.  The release of this internal information would discourage the expression of candid opinions and inhibit the free and frank exchange of information among agency personnel.

**FOIA Exemption (b)(6)** exempts from disclosure personnel or medical files and similar files the release of which would cause a clearly unwarranted invasion of personal privacy. This requires a balancing of the public's right to disclosure against the individual's right privacy. The types of documents and/or information that we have withheld may consist of birth certificates, naturalization certificates, driver license, social security numbers, home addresses, dates of birth, or various other documents and/or information belonging to a third party that are considered personal. The privacy interests of the individuals in the records you have requested outweigh any minimal public interest in disclosure of the information. Any private interest you may have in that information does not factor into the aforementioned balancing test.

**FOIA Exemption (b)(7)(C)** protects records or information compiled for law enforcement purposes that could reasonably be expected to constitute an unwarranted invasion of personal privacy. This exemption takes particular note of the strong interests of individuals, whether they are suspects, witnesses, or investigators, in not being unwarrantably associated with alleged criminal activity. That interest extends to persons who are not only the subjects of the investigation, but those who may have their privacy invaded by having their identities and information about them revealed in connection with an investigation. Based upon the traditional recognition of strong privacy interest in law enforcement records, categorical withholding of information that identifies third parties in law enforcement records is ordinarily appropriate.

**FOIA Exemption (b)(7)(E)** protects records compiled for law enforcement purposes, the release of which would disclose techniques and/or procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law. CBP has determined that disclosure would disclose techniques or procedures for law enforcement investigations, and/or would disclose guidelines for law enforcement investigations that could reasonably be expected to risk circumvention of the law.

If you need to contact CBP about this matter, please contact the Department of Justice Attorney, David Glass at David.Glass@usdoj.gov.

Sincerely,

Charlyse Hoskins
Government Information Specialist

Enclosures