# EXHIBIT Q



1300 Pennsylvania Avenue NW
Washington, DC 20229

June 23, 2017

SENT BY ELECTRONIC MAIL TO:  katie.fallow@knightcolumbia.org

Katherine Fallow
Knight First Amendment Institute
535 West 116th Street
314 Low Library
New York, NY 10027

RE:  CBP-2017-042463; *Knight First Amendment Institute v. DHS*, No. 1:17-cv-00548-TSC (D.D.C.)

Dear Attorney Fallow:

This is an electronic interim response to your Freedom of Information Act (FOIA) request to U.S. Customs and Border Protection (CBP), dated March 20, 2017, and received by this office on March 24, 2017.  You requested the following:

1. Any document containing statistical information concerning the search, detention, retention, or sharing of electronic devices or information of individuals at the border (or functional equivalent of the border) since FY2012, including, but not limited to, documents reflecting:
    a. The number of travelers whose electronic devices or information were searched, detained, retained, or shared;
    b. The number or portion of those travelers who are U.S. citizens;
    c. The number or portion of those travelers who are lawful permanent residents or green card holders;
    d. The number or portion of those travelers by country of origin
    e. The number or portion of those travelers by gender, race, ethnicity, nationality, and/or country of birth;
    f. The number or portion of those travelers by port of entry; and
    g. The number or portion of those travelers by watch list, lookout, and/or other selectee status.

2. Documents relating to each instance since FY2012 in which CBP or ICE searched, detained, retained, or shared an electronic device or the information accessible on it, including, but not limited to:

   a. A list of the TECS data field categories used to record and track each electronic device conducted by CBP or ICE; and
   b. All information contained in the TECS system used to record and track electronic device searches, detentions, retentions, and/or sharings.

3. Revisions of or documents supplementing or superseding:
   a. CBP Directive No. 3340-049
   b. ICE Directive No. 7-6.1

4. The following documents relating to any reviews of CBP's or ICE's polices or practices concerning electronic device searches:
   a. Any audits, impact assessments, or other reviews of CBP's or ICE's policies or practices concerning electronic device searches, including any such reports by the Office of Civil Rights and Civil Liberties, DHS's OIIG and CBP's Office of Internal Affairs, Management Inspection Division;
   b. Any policies, practices, procedures, and/or training material adopted as a result of any audits, impact assessments, or other reviews of how CBP and ICE conduct electronic device searches; and
   c. Any document reflecting annual or semi-annual examinations by CBP or ICE of electronic device searches by port of entry, as adopted in response to the 2011 Impact Assessment.

5. Documents, including tear sheets and TRIP records, containing or relating to complaints filed by individuals or organizations about CBP's and/or ICE's search, review, retention or sharing of the information on travelers' electronic device.

6. Documents reflecting policies, practices, or procedures concerning how CBP officers handle "privileged or other sensitive material," including "work-related information carried by journalist," as referenced in § 5.2 of the CBP Directive.

7. Documents reflecting policies, practices, or procedures concerning CBP's anti-discrimination policy as applied to discretionary device searches.

A further search of CBP databases produced a total of three pages of records responsive to your request. Per the June 6, 2017 Joint Status Report in *Knight First Amendment Institute at Columbia University v. DHS, et al.*, this release includes records responsive to request numbers 4 and 7. CBP has determined that three pages are partially releasable pursuant to Title 5 U.S.C. § 552 (b)(6), (b)(7)(C) and (b)(7)(E).

Enclosed are three pages with certain information withheld as described below:

**FOIA Exemption (b)(6)** exempts from disclosure personnel or medical files and similar files the release of which would cause a clearly unwarranted invasion of personal privacy. This requires a

balancing of the public's right to disclosure against the individual's right privacy. The types of documents and/or information that we have withheld may consist of birth certificates, naturalization certificates, driver license, social security numbers, home addresses, dates of birth, or various other documents and/or information belonging to a third party that are considered personal. The privacy interests of the individuals in the records you have requested outweigh any minimal public interest in disclosure of the information. Any private interest you may have in that information does not factor into the aforementioned balancing test.

**FOIA Exemption (b)(7)(C)** protects records or information compiled for law enforcement purposes that could reasonably be expected to constitute an unwarranted invasion of personal privacy. This exemption takes particular note of the strong interests of individuals, whether they are suspects, witnesses, or investigators, in not being unwarrantably associated with alleged criminal activity. That interest extends to persons who are not only the subjects of the investigation, but those who may have their privacy invaded by having their identities and information about them revealed in connection with an investigation. Based upon the traditional recognition of strong privacy interest in law enforcement records, categorical withholding of information that identifies third parties in law enforcement records is ordinarily appropriate.

**FOIA Exemption (b)(7)(E)** protects records compiled for law enforcement purposes, the release of which would disclose techniques and/or procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law. CBP has determined that disclosure would disclose techniques or procedures for law enforcement investigations, and/or would disclose guidelines for law enforcement investigations that could reasonably be expected to risk circumvention of the law.

If you need to contact CBP about this matter, please contact the Department of Justice Attorney, David Glass at David.Glass@usdoj.gov.

Sincerely,

Charlyse Hoskins
Government Information Specialist

Enclosures