**EXHIBIT BB**



*Freedom of Information Act Office*

**U.S. Department of Homeland Security**
500 12th St SW, Stop 5009
Washington, DC 20536

**U.S. Immigration and Customs Enforcement**

March 23, 2018,

Katherine Fallow
Knight First Amendment Institute
475 Riverside Drive
Suite 302,
New York, NY 10115

RE:   ICE FOIA Case Number 2017-ICLI-00011; *Knight First Amendment Institute v. Department of Homeland Security* **(17-cv-548-TSC)**

Dear Ms. Fallow:

This letter responds to the Freedom of Information Act (FOIA) request to U.S. Immigration and Customs Enforcement (ICE), submitted by your client Knight First Amendment Institute, dated March 15, 2017. In the FOIA request your client has requested copies of the following records:

1. Documents containing statistical information concerning the search, detention, retention or sharing of electronic devices or information of individuals at the border (or functional equivalent of the border) since fiscal year 2012
2. Documents relating to each instance since fiscal year 2012 in which CBP or ICE searched, detained, retained or shared an electronic device or the information accessible on it
3. Revisions of or documents supplementing or superseding the CBP and ICE directives concerning border searches of electronic devices
4. Certain documents relating to any reviews of CBP's or ICE's policies or practices concerning electronic device searches
5. Documents concerning or relating to complaints filed by individuals or organizations about CBP's or ICE's search, review, retention or sharing of the information on travelers' electronic devices
6. Documents reflecting policies, practices or procedures concerning how CBP officers handle "privileged or other sensitive materials," including "work-related information carried by journalists" as described in the CBP directive concerning border searches of electronic devices
7. Documents reflecting policies, practices and procedures concerning CBP's anti-discrimination policy as applied to discretionary electronic device searches.

**This Production**

ICE has processed for release, and encloses, 482 pages of records located by a search of ICE Offices of Homeland Security Investigations (HSI). Per the January 16, 2017 Joint Status Report, these documents are responsive to item number (2)(b). These documents have been Bates numbered 2017-ICLI-00011 1193 through 2017-ICLI-00011 1674. Portions of these documents have been withheld pursuant to FOIA Exemptions 6, 7(C) and 7(E) of the FOIA. Furthermore, the ICE FOIA Office sent three (3) pages to other government agencies for consultation.

ICE has applied FOIA Exemptions 6 and 7(C) to protect from disclosure the names, e-mail addresses, and phone numbers of ICE and DHS employees contained within the documents, as well as the names, and other personally identifiable information of other individuals contained within the records.

**FOIA Exemption 6** exempts from disclosure personnel or medical files and similar files the release of which would cause a clearly unwarranted invasion of personal privacy. This requires a balancing of the public's right to disclosure against the individual's right to privacy. The privacy interests of the individuals in the records you have requested outweigh any minimal public interest in disclosure of the information. Any private interest you may have in that information does not factor into the aforementioned balancing test.

**FOIA Exemption 7(C)** protects records or information compiled for law enforcement purposes that could reasonably be expected to constitute an unwarranted invasion of personal privacy. This exemption takes particular note of the strong interests of individuals, whether they are suspects, witnesses, or investigators, in not being unwarrantably associated with alleged criminal activity. That interest extends to persons who are not only the subjects of the investigation, but those who may have their privacy invaded by having their identities and information about them revealed in connection with an investigation. Based upon the traditional recognition of strong privacy interest in law enforcement records, categorical withholding of information that identifies third parties in law enforcement records is ordinarily appropriate. As such, I have determined that the privacy interest in the identities of individuals in the records you have requested clearly outweigh any minimal public interest in disclosure of the information. Please note that any private interest you may have in that information does not factor into this determination.

ICE has applied FOIA Exemption 7(E) to protect from disclosure internal agency law enforcement case numbers, internal codes, agency software and hardware information, and instructional manuals, user manuals, and training materials related to a law enforcement system and database which contain law enforcement sensitive techniques and procedures that are not well known to the public.

**FOIA Exemption 7(E)** protects records compiled for law enforcement purposes, the release of which would disclose techniques and/or procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law. I have determined that disclosure of certain law enforcement sensitive information contained within the

responsive records could reasonably be expected to risk circumvention of the law. Additionally, the techniques and procedures at issue are not well known to the public.

If you need to contact ICE about this matter, please contact the Department of Justice Attorney, David Glass at David.Glass@usdoj.gov.

Sincerely,

Catrina M. Pavlik-Keenan
FOIA Officer

Enclosure(s): 482 page(s)