IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KNIGHT FIRST AMENDMENT INSTITUTE AT COLUMBIA UNIVERSITY,<br><br>    Plaintiff,<br><br>  v.<br><br>DEPARTMENT OF HOMELAND SECURITY, *et al.*,<br><br>    Defendants. | **Oral Argument Requested**<br><br>Civil Action No. 1:17-cv-00548-TSC |

**PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY**

Plaintiff the Knight First Amendment Institute at Columbia University (the "Knight Institute") respectfully notifies this Court of the recent decision in *Judicial Watch, Inc. v. United States Department of Justice*, 20 F.4th 49 (D.C. Cir. 2021) (attached as Exhibit A). In that case, as here, the agency invoked the deliberative process privilege under FOIA Exemption 5 to redact and withhold documents in response to a FOIA request. The district court initially denied the Department of Justice's (DOJ) motion for summary judgment without prejudice, explaining that it had not met its burden with respect to the FOIA Improvement Act and declining to decide whether any withholding under Exemption 5 was ultimately proper. *Judicial Watch, Inc. v. DOJ*, No. 1:17-cv-832, 2019 WL 4644029, at *3–5 (D.D.C. Sept. 24, 2019). On the DOJ's second motion for summary judgment, the district court held that the documents were properly withheld under the exemption. *Judicial Watch, Inc. v. DOJ*, 487 F. Supp. 3d 38, 45–48 (D.D.C. 2020).

The D.C. Circuit has now reversed that decision. The appellate opinion reaffirms that to fall within the deliberative process privilege, the agency must show "(1) what deliberative process

1

is involved, and (2) the role played by the documents in issue in the course of that process," and should also articulate "(3) the nature of the decisionmaking authority vested in the officer or person issuing the disputed document, and (4) the relative positions in the agency's chain of command occupied by the document's author and recipient." *Id.* at 55 (quoting *Senate of Puerto Rico v. DOJ*, 823 F.2d 574, 585–86 (D.C. Cir. 1987) (internal quotation marks omitted)). Emphasizing the "inadequacy" of the DOJ's declaration (only two sentences of which addressed Exemption 5), the D.C. Circuit's decision makes clear that an agency is not entitled to withhold information under the exemption unless it adequately explains "the 'who,' *i.e.*, the roles of the document drafters and recipients and their places in the chain of command; the 'what,' *i.e.*, the nature of the withheld content; the 'where,' *i.e.*, the stage within the broader deliberative process in which the withheld material operates; and the 'how,' *i.e.*, the way in which the withheld material facilitated agency deliberation." 20 F.4th at 56.

As the Knight Institute has explained, the justifications offered by the agencies in this case fall short of what the law requires. *See* Pl.'s Br. at 12–16, ECF No. 50-1; Pl.'s Reply at 1–8, ECF No. 60. Among other failures to document the "who, what, where, and how" necessary to invoke the exemption, the Department of Homeland Security merely parroted the applicable legal standard and failed to identify any final policy or decision in service of the three challenged withholdings. *See* Pl.'s MSJ Reply Br. at 3–6.; *see also Judicial Watch*, 20 F.4th at 56 (explaining that the government's declaration failed to identify the deliberative process involved or describe the record's role in that process). U.S. Customs and Border Patrol (CBP) provided an even more attenuated description of the spreadsheet data it seeks to withhold, claiming only that the spreadsheet "contains information that *might* someday be used to make policy recommendations."

Pl.'s Reply Br at 7 (emphasis added). Under *Judicial Watch v. DOJ*, these agencies have failed to satisfy their burden to demonstrate that the withheld documents are deliberative.

| | |
|---|---|
| Dated: January 24, 2022 | Respectfully submitted, |
| */s/* <br> Matthew S. Hellman (484132) <br> JENNER & BLOCK LLP <br> 1099 New York Avenue, NW <br> Suite 900 Washington, DC 20001 <br> T: (202) 639-6000 <br> F: (202) 639-6066 <br> mhellman@jenner.com | */s/* <br> Stephanie C. Krent, *Pro Hac Vice* <br> Scott Wilkens (489631) <br> Evan Welber Falcón (1618810) <br> KNIGHT FIRST AMENDMENT INSTITUTE AT COLUMBIA UNIVERSITY <br> 475 Riverside Drive, Suite 302 <br> New York, NY 10115 <br> T: (646) 745-8500 <br> stephanie.krent@knightcolumbia.org |

*Counsel for Plaintiff*